**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DAVID TRUGLIO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>LAW OFFICES HOWARD LEE SCHIFF, P.C. and PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff DAVID TRUGLIO (hereinafter, "Plaintiff"), a Connecticut resident, brings this class action complaint by and through the undersigned attorneys, against Defendants LAW OFFICES HOWARD LEE SCHIFF, P.C. and PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

4. New Hampshire's Unfair, Deceptive or Unreasonable Collection Practices Act further provides guidelines for the collection industry to follow under RSA 358-C.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

7. Plaintiff brings this class action on behalf of a class of Connecticut consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

8. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code,

commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

9.  Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

10. Plaintiff is a natural person and a resident of the State of Connecticut and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Defendant Law Offices Howard Lee Schiff, P.C. is a collection law firm with its principal office at 510 Tolland Street, East Hartford, CT 06128.

12. Defendant Portfolio Recovery Associates, LLC ("PRA") is a collection agency with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and its registered agent, Corporation Service Company, located at 1111 East Main Street, Richmond, Virginia 23219.

13. Upon information and belief, Defendant Law Offices Howard Lee Schiff, P.C. is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

14. Defendant Law Offices Howard Lee Schiff, P.C. is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

15. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

16. Defendant PRA is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

18. Some time prior to February 21, 2018, an obligation was allegedly incurred to SYNCHRONY BANK.

19. The SYNCHRONY BANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. The alleged SYNCHRONY BANK obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

21. SYNCHRONY BANK is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

22. Sometime prior to February 21, 2018, the SYNCHRONY BANK debt was sold or otherwise assigned to Defendant Portfolio Recovery Associates, LLC.

23. PRA purchases and attempts to collect, defaulted consumer debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of itself and other debt buyers using the U.S. Mail, telephone, and Internet.

24. In connection with its debt servicing operations, PRA routinely hires other debt collectors, such Law Offices Howard Lee Schiff, P.C., to send dunning letters to consumers in an effort to collect money on the defaulted consumer debts that PRA acquires.

25. PRA, directly, or through an intermediary, contracted the Law Offices Howard Lee Schiff, P.C .to collect this alleged debt.

26. On or about February 21, 2018, Defendant Law Offices Howard Lee Schiff, P.C. caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged

4

SYNCHRONY BANK/PRA debt. *See* **Exhibit A.**

27. Upon information and belief, the February 21, 2018 letter was the first communication between the Defendant and Plaintiff regarding the SYNCHRONY BANK/PRA debt.

28. Upon information and belief, the letter was sent to the Plaintiff with permission of, and after the template of the letter was reviewed by, PRA.

29. The February 21, 2018 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

30. The February 21, 2018 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

31. The Plaintiff received and read the Letter sometime after February 21, 2018.

32. The Letter stated in part:

> "Balance Due: $1,006.19"

33. The Letter further stated:

> "If you do not dispute the validity of the debt, or any portion thereof, within 30 days of the receipt of this letter, we will assume it is valid.  If you dispute the validity of this debt or any portion thereof, within 30 days of receipt of this letter we will obtain and mail you verification of the debt or a copy of a judgment against you.  At your request, in writing within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor."

34. Absent from the above statement, was that the dispute had to be in writing in order to obtain verification of the debt or a copy of a judgment.

35. Upon reading the notice, the Plaintiff, as would any least sophisticated consumer, believed that he could obtain verification of the debt over the phone.

36. Pursuant to 15 U.S.C. §1692g(a)(4) a debt collector must within five days after the initial

communication, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within 30 days after receiving the notice that the consumer disputes the validity of the debt or any portion thereof, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and such verification or judgment will be mailed to the consumer.

37. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson v. Quadramed,* 225 F.3d 350 at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

38. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."  S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

39. By providing an inaccurate validation notice, the Defendant caused the Plaintiff real harm by depriving him of information to which he was statutorily entitled to receive and by causing him to be unaware of how to effectively dispute his debt.

40. After purchasing defaulted consumer debts, PRA, through its agents, such as Law Offices Howard Lee Schiff, P.C., undertakes various means to collect these debts from consumers such as Plaintiff by, *inter alia*, engaging in a campaign sending thousands of dunning collection letters in the form attached hereto as ***Exhibits A***, which fail to adequately notify consumers of his or her validation rights.

41. The Defendants, therefore, deprived the Plaintiff of information to which he was statutorily entitled, and subjected the Plaintiff to deceptive collection practices.

## **CLASS ALLEGATIONS**

42. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Connecticut b) who were sent a collection letter from Defendant Law Offices Howard Lee Schiff, P.C. c) attempting to collect a consumer debt owed to or allegedly owed to Defendant Portfolio Recovery Associates, LLC d) that states "If you do not dispute the validity of the debt, or any portion thereof, within 30 days of the receipt of this letter, we will assume it is valid. If you dispute the validity of this debt or any portion thereof, within 30 days of receipt of this letter we will obtain and mail you verification of the debt or a copy of a judgment against you.  At your request, in writing within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

43. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

44. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

45. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §1692e and 1692g.

46. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

47. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

48. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

    (c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class

members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

49. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

53. The Defendants violated said provision by failing to accurately convey the validation notice in violation of 1692g(a)(4).

54. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 1692e, a debt collector may not use any false, deceptive or misleading representation in connection with the collection of a debt.

58. The Defendants violated said section by falsely representing that the Plaintiff could obtain verification of the debt over the phone in violation of 15 U.S.C. § 1692e(10).

59. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct

violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:  May 10, 2018

By:     /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*