## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| David Truglio, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Howard Lee Schiff, P.C. and Portfolio Recovery Associates, LLC,<br><br>        Defendants. | CIVIL ACTION NO. 3:18-cv-00794-VAB |

## PORTFOLIO RECOVERY ASSOCIATES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 12(c) and 26(c), Defendant, Portfolio Recovery Associates, LLC ("PRA"), hereby moves for judgment on the pleadings and for a protective order pending resolution of its motion, and as grounds states as follows:

## I.      Introduction

The underlying matter arises out of Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that co-defendant Law Office Howard Lee Schiff, P.C. ("HLS") sent him a validation letter that failed to properly comply with the notification provisions set forth in 15 U.S.C. § 1692g. Specifically, Plaintiff alleges that the validation notice failed to adequately inform him that in order to obtain verification of the debt or a copy of the judgment, he needed to submit a dispute to HLS in writing. Plaintiff repeatedly concedes in his Complaint, as he must, that it was HLS, not PRA, which sent the validation notice to Plaintiff. Yet, despite the absence of any conduct on PRA's behalf, Plaintiff maintains FDCPA claims against it.

In the Second Circuit, in order to hold a non-acting entity like PRA vicariously liable for the actionable conduct of another, a plaintiff must demonstrate that the non-acting party exercised control over the conduct or activities of the other so as to otherwise render it liable for the acting party's conduct. In the underlying matter, Plaintiff proffers no such allegations against PRA. Instead, Plaintiff concedes that PRA retained HLS to collect a debt on its behalf and that HLS sent the subject letter to the Plaintiff. Plaintiff fails to allege that PRA exercised control over HLS in any respect with respect to preparation of the letter or otherwise, and absent any such allegations, Plaintiff's claims against PRA should be dismissed as a matter of law.

PRA further requests that the Court stay discovery pending resolution of its motion for judgment on the pleadings. PRA seeks judgment in its favor with respect to Plaintiff's Complaint in its entirety and its motion has a strong foundation in the law. Furthermore, Plaintiff would not be prejudiced in any respect by a temporary stay in discovery pending resolution of PRA's motion.

## II.     Statement of Facts[1]

Prior to February 21, 2018, an obligation was incurred to SYNCHRONY BANK ("the Debt"). (Plaintiff's Compl., attached as Exhibit 1, ¶ 18). On or before this date, the Debt was sold or otherwise assigned to PRA. *Id.*, at ¶ 22. In connection with its debt servicing operations, PRA routinely hires other debt collectors, such as HLS, to send dunning letters to consumers in an effort to collect money on the defaulted consumer debt that it acquires. *Id.*, at ¶ 24. PRA, directly, or through an intermediary, contracted with HLS to collect the Debt. *Id.*, at ¶ 25. On or about February 21, 2018, <u>HLS caused to be delivered</u> to the Plaintiff a collection letter in an attempt to collect the Debt. *Id.* at ¶ 26. The letter stated in part:

---

[1] Plaintiff's Statement of Facts is taken as true for purposes of PRA's Motion for Judgment on the Pleadings. Otherwise, PRA denies the material allegations set forth therein.

> If you do not dispute the validity of the debt, or any portion thereof, within 30 days of the receipt of this letter, we will assume it is valid. If you dispute the validity of this debt or any portion thereof, within 30 days of receipt of this letter we will obtain and mail you verification of the debt or a copy of a judgment against you. At your request, in writing within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.*, at ¶ 33. After purchasing defaulted consumer debts, PRA, through its agents, such as HLS, undertakes various means to collect these debts from consumers such as Plaintiff, by, *inter alia*, engaging in a campaign sending thousands of dunning collection letters in the form attached to Plaintiff's Complaint as Exhibit A… *Id.*, at ¶ 40. Plaintiff seeks certification of a class of: "[a]ll consumers who have an address in the state of Connecticut; (b) who were sent a collection letter from HLS." *Id.*, at ¶ 42.

### III.     Legal Standard

"After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings." *See* Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is decided on the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *McCullough v. World Wrestling Entm't, Inc.*, 2017 U.S. Dist. LEXIS 160661 at *20 (D. Conn. Sept. 29, 2017); *Edelman v. Page*, 2011 U.S. Dist. LEXIS 41275 at *13 (D. Conn. Apr. 14, 2011) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a 12(b)(6) motion for failure to state a claim.").

The Court's review on a motion to dismiss pursuant to Rule 12(b)(6) is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 191 (2d Cir. 2007). "The trial judge's principal

function on a defense motion to dismiss is to read the complaint and decide if it states a viable claim under governing law." *Harasz v. Katz*, 239 F. Supp. 3d 461, 466 (D. Conn. 2017).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "the court must 'accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor.'" *Mayor and City Council of Baltimore, MD v. Citigroup, Inc.*, 708 F. 3d 129, 135 (2d Cir. 2013). A plaintiff's obligation to provide the grounds of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nielson v. Rabin*, 746 F. 3d 58, 62 (2d Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pension Ben Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*, 712 F. 3d 705, 718 (2d Cir. 2013). "The complaint must demonstrate more than a sheer possibility that a defendant acted unlawfully. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown that the pleader is entitled to relief." *Id.*

"Importantly, the 'plausibility' standard applies only to a complaint's factual allegations. We give no effect at all to 'legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F. 3d 117, 121 (2d Cir. 2007). Therefore, "a court

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Starr v. Sony BMG Entertainement*, 592 F. 3d 314, 329 n. 1 (2d Cir. 2010); *Harasz*, 239 F. Supp. 3d at 467 ("On a Rule 12(b)(6) motion to dismiss, the trial judge owes deference to well-pleaded allegations of fact, but disregards conclusions and arguments, no matter how the pleader captions them.").

**IV.     Argument**

       A.     Plaintiff Fails to Adequately Plead the Existence of a Consumer Debt

"A claim for violation of the FDCPA requires the plaintiff to allege the following three elements: (1) that the plaintiff is a 'consumer' who allegedly owes a debt or a person who has been the object of efforts to collect a consumer debt; (2) the defendant collecting the debt is a 'debt collector' as that term is defined by the FDCPA; and (3) that defendant has engaged in any act or omission in violation of the FDCPA." *Aviles v. Wayside Auto Body, Inc.*, 49 F. Supp. 3d 216, 225 (D. Conn. 2014); *Billie v. Credit Collection Servs.*, 2017 U.S. Dist. LEXIS 11979 at *5 (D. Conn. Jan. 30, 2017) ("To state a claim for an alleged violation of the FDCPA, the plaintiff must be a 'consumer' who allegedly owes a debt or a person who has been the object of efforts to collect a consumer debt."). The term "debt" as defined under the FDCPA refers to any obligation of a consumer to pay money arising out of the transaction in which the money, property, insurance or services which are the subject of the transaction are "primarily for personal, family or household purposes." *Goldman v. Cohen*, 445 F. 3d 152, 154 n. 1 (2d Cir. 2006), *citing* 15 U.S.C. § 1692a(5).

"Where an FDCPA plaintiff is also the debtor responsible for the debt in question, courts have held that the plaintiff must plead specific facts indicating that the debt was incurred for personal, family or household purposes." *Schools v. PMAB, LLC*, 2014 U.S. Dist. LEXIS 160343

5

at *6 (D. Md. Nov. 14, 2014) (collecting cases); *Scarola, Malone & Zubatov v. McCarthy, Burgess & Wolff*, 638 Fed. Appx. 100 (2d Cir. 2016) (allegation that transaction was "primarily for personal, family or household purposes" constitutes "conclusory statements…not entitled to a presumption of truth.").

Plaintiff is the debtor in the underlying matter, and in that regard, Plaintiff acknowledges that HLS attempted to collect a debt from him directly. Ex. 1, ¶¶ 26, 40, Exhibit A to Ex. 1. Accordingly, Plaintiff is required to plead specific facts indicating that the debt is a consumer debt. Despite this requirement, Plaintiff does nothing more than assert the following boilerplate allegations regarding the nature of the debt:

> The SYNCHRONY BANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transactions, are primarily for personal, family or household purposes.
>
> The alleged SYNCHRONY BANK obligations is a "debt" as defined by 15 U.S.C. § 1692a(5).

*See* Ex. 1, ¶¶ 19-20. These allegations simply parrot the definition of the term "debt" as defined under the FDCPA, and they are not entitled to any presumption of truth. Instead, these allegations must be disregarded by the Court. Plaintiff proffers no factual allegations explaining the nature of the debt or the purposes for which it was incurred. And, absent any such allegations, Plaintiff's FDCPA claim should be dismissed as a matter of law.

The Second Circuit's decision in *Scarola, Malone & Zubatov v. McCarthy, Burgess & Wolff*, 638 Fed. Appx. 100 (2d Cir. 2016) is instructive. In *Scarola*, plaintiff asserted an FDCPA claim against defendant. In order to establish that the debt at issue was a consumer debt, plaintiff alleged that the debt must have arisen from a transaction that was "primarily for personal, family or household purposes." *Id.* at 102. Defendant moved to dismiss plaintiff's complaint for failure

6

to state a claim, and the district court granted defendant's motion. The Second Circuit upheld the lower court's dismissal, and found that plaintiff's allegations regarding the debt were insufficient to establish that the debt was a consumer debt covered by the FDCPA. Specifically, the Court held that: "[t]hese allegations…are mere conclusory statements not supported by facts from which the inference could be reasonably drawn that collection efforts arose from a consumer transaction." *Id.* at 102-03.

Plaintiff, like the plaintiff in *Scarola*, merely parrots the statutory definition of debt in order to establish that the debt at issue arises from a consumer transaction. However, Plaintiff's allegations constitute legal conclusions that are not entitled to a presumption of truth, and must be disregarded by the Court. And, absent any factual allegations regarding the nature of the debt at issue, Plaintiff's complaint should be dismissed as a matter of law. *See, e.g.*, *Billie v. Credit Collection Servs.*, No. 16-cv-786-VAB, 2017 U.S. Dist. 11979 at *10 (D. Conn. Jan. 30 2017)[2] ("the Second Circuit made clear that the allegation that a transaction was 'primarily for personal, family or household purposes' as required by the FDCPA, is 'not entitled to a presumption of truth' at the motion to dismiss stage."); *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 271 (E.D.N.Y. 2018) (collecting cases and observing that "[n]umerous courts have concluded that plaintiffs who recite the statutory definition of 'debt' rather than plead facts regarding the debt's nature have not adequately pled an FDCPA claim."); *Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014) ("The third amended complaint's recitation of Section 1692a(5)'s key phrase, without any accompanying factual content, is exactly the sort of threadbare recital of a cause of action that cannot survive the motion to dismiss."); *Jennings v. Cont'l Serv. Grp.*, 239 F. Supp. 3d 662, 668 (W.D.N.Y. 2017) (dismissing FDCPA claim because

---

[2] This case involved the undersigned counsel as well.

"Plaintiff failed to allege any facts which suggest that the debts at issue were consumer debts related to personal, family or household purposes.").

      B.      <u>Plaintiff Fails to Adequately Plead that PRA is Vicariously Liable for HLS's Allegedly Wrongful Conduct for Purposes of Establishing Liability under the FDCPA</u>

"Under general principles of agency – which form the basis of vicarious liability under the FDCPA – to be held liable for the actions of another, the 'principal' must exercise control over the conduct or activities of the agent." *Rogers v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 17064 at *21 (D. Conn. Feb. 19, 2011), *citing Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1173 (9th Cir. 2006). Thus, "[i]n order to hold a debt collector vicariously liable for the acts of the agent, the plaintiff must show (1) the agent and principal are both debt collectors; and (2) the principal has exercised control over the agent's conduct of activities." *Nichols v. Niagara Credit Recovery, Inc.*, 2013 U.S. Dist. LEXIS 64671 at *12 (N.D.N.Y. May 7, 2013); *Bodur v. Palisades Collection, LLC*, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011) ("To be vicariously liable under the FDCPA, however, the 'principal' must exercise control over the conduct or activities of the 'agent.'").

In the underlying matter, Plaintiff repeatedly concedes that any alleged wrongful conduct here was undertaken by solely by HLS: *See* Ex. 1, ¶ 40:

> PRA, directly, or through an intermediary, contracted the Law Offices Howard Lee Schiff, P.C. to collect this alleged debt.
>
> On or about February 21, 2018, <u>Defendant Law Offices Howard Lee Schiff, P.C. caused to be delivered to the Plaintiff</u> a collection letter in an attempt to collect the alleged SYNCHRONY BANK/PRA debt.
>
> After purchasing defaulted consumer debts, PRA, <u>through its agents, such as Law Offices Howard Lee Schiff, P.C.</u>, undertakes various means to collect these debts from consumers, such as Plaintiff by, *inter alia*, engaging in a campaign sending thousands

> of dunning collection letters in the form attached hereto as ***Exhibit A***, which fail to adequately notify consumers of his or her validation rights.
>
> Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure…Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Connecticut b) who were sent a collection letter <u>from Defendant Law Offices Howard Lee Schiff, P.C…</u>

*See* Ex. 1, ¶¶ 25-26, 40, 42.

In that regard, Plaintiff's Complaint is devoid of any allegations indicating that PRA exercised any control over HLS so as to render it vicariously liable for its conduct under the FDCPA. Absent such allegations, Plaintiff's Complaint should be dismissed as a matter of law. *See, e.g.*, *Nichols*, 2013 U.S. Dist. LEXIS 64671 at *12-*13 ("Plaintiffs have only alleged that CPS placed the account with Cawley and that Cawley then engaged in certain conduct…Absent any allegations that CPS exercised control over Cawley's actions, CPS cannot be held liable for Cawley's conduct."); *Bodur*, 829 F. Supp. 2d at 259 ("Bodur merely claims that Palisades hired Pressler to collect the debt, but he has failed to provide any evidence, or even claim, that Palisades exercised control over Pressler or was involved in any of Pressler's collection attempts. With evidence that Palisades exercised control over Pressler's conduct generally or as to Bodur specifically, Palisades is not vicariously liable…").[3]

---

[3] In direct contravention of his other allegations, Plaintiff makes a single conclusory allegation that: "[u]pon information and belief, the letter was sent to the Plaintiff with permission of, and after the template of the letter was reviewed by, PRA." *See* Ex. 1, ¶ 28. Though "a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible…such allegations must be accompanied by a statement of the facts upon which the belief is founded." *Arista Records, LLC v. Doe 3*, 604 F. 3d 110, 120 (2d Cir. 2010); *Nesheiwat v. City of Poughkeepsie*, 2013 U.S. Dist. LEXIS 20215 at *6 (S.D.N.Y Feb. 12, 2013). In the underlying matter, Plaintiff's Complaint is devoid of any information or facts which would otherwise support or enhance the veracity of this conclusory allegation. Accordingly, Plaintiff's speculative allegation should be disregarded by the Court. *See, e.g.*, *Williams v. Calderoni*, 2012 U.S. Dist. LEXIS 28723 at *7 (S.D.N.Y. Mar. 1, 2012) (dismissing complaint based upon allegations of information and belief because "while a plaintiff is entitled to plead on information and belief, Williams points to no 'information' that will render these statements any more than

### C. The Court Should Stay Discovery Pending Resolution of PRA's Motion for Judgment on the Pleadings

Fed. R. Civ. P. 26(c) governs the circumstances under which a protective order will issue and provides in relevant part as follows:\

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (D) forbidding inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters.

*See* Fed. R. Civ. P. 26(c)(1)(D). "Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Country Club of Fairfield, Inc. v. N.H. Ins. Co.*, 2014 U.S. Dist. LEXIS 109392 at *7 (D. Conn. Aug. 8, 2014). Rule 26 "is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *ITT Corp. & Goulds Pumps, Inc. v. Travelers Cas. & Sur. Co.*, 2012 U.S. Dist. LEXIS 100033 at *6 (D. Conn. Jul. 18, 2012). "A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case,…and should consider several factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would be suffered by the party opposing the stay...[and] the strength of the dispositive motion that is the basis of the discovery stay application." *Id.* "In their examination of 'strength of the motion,' districts courts in this Circuit have often stated that a stay of discovery is appropriate where a motion 'does not appear to be without foundation in the law.'" *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

---

a speculative claim."); *Harasz*, 239 F. Supp. 3d at 507 n. 1 ("The Court must be skeptical of allegations based 'on information and belief'").

10

A consideration of the factors here demonstrates that a stay of discovery is appropriate. PRA is moving for judgment on Plaintiff's Complaint in its entirety, and there are substantial grounds for its motion. A similar motion was previously granted based upon a portion of the grounds presented herein by the presiding judge. *See, e.g.*, *See, e.g.*, *Billie v. Credit Collection Servs.*, No. 16-cv-786-VAB, 2017 U.S. Dist. 11979 at *10 (D. Conn. Jan. 30 2017). Furthermore, Plaintiff's Complaint is devoid of any allegations that PRA exercised control over HLS so as to render it vicariously liable under the FDCPA. Therefore, there is a strong foundation in the law for PRA's motion, and a stay of discovery is appropriate on this basis alone. *See, e.g.*, *Niv v. Hilton Hotels Corp.*, 2009 U.S. Dist. LEXIS 78476 at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery where defendant's motion "appears not to be unfounded in the law."); *Spencer Trask Software and Information Services, LLC v. RPoster Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery where defendants presented "substantial arguments for dismiss of many, if not all, of the claims asserted in the lawsuit.")

Plaintiff has also served PRA with an onerous amount of discovery in the form of interrogatories, requests for production and requests for admissions, the responses to which are due on or before January 15, 2019. Plaintiff's requests are attached hereto as Exhibit 2. PRA seeks to avoid incurring significant attorneys' fees needlessly if the matter is to resolve by motion. Moreover, Plaintiff would not be prejudiced in any respect by a stay in discovery. Discovery is not set to conclude until May 31, 2019 and dispositive motions are not due to be filed until August 2, 2019. Should the matter not be dismissed in its entirety, PRA would timely respond to the outstanding discovery requests, and Plaintiff would receive the discovery responses well in advance of the deadline for filing dispositive motions. PRA is more than willing to extend the deadlines for motions for class certification which are currently due to be

served on or before February 28, 2018. An extension of this deadline similarly makes sense in light of the fact that PRA is moving for judgment on Plaintiff's Complaint in its entirety, and would similarly seek to avoid having to respond to Plaintiff's motion for certification in the interim.

Accordingly, PRA requests that the Court enter an Order staying discovery pending the resolution of its Motion for Judgment on the Pleadings. Should PRA's motion be denied (or should the requested stay be denied), PRA requests that it be provided 30 days from the issuance of any such order within which to respond to Plaintiff's discovery requests.

WHEREFORE, PRA respectfully requests this Court enter an Order granting judgment on the pleadings in its favor with respect to Plaintiff's Complaint, and enter an Order staying discovery pending resolution of its motion, along with such other relief as this Court deems appropriate.

Respectfully submitted,

Attorneys for Defendant
Portfolio Recovery Associates, LLC
By: Its Attorneys

/s/ *Andrew M. Schneiderman*

Andrew M. Schneiderman Pro Hac Counsel
53 State Street, 27th Floor
Boston, MA 02467
(617) 213-7000
(617) 213-7001  (facsimile)

Dated:      January 15, 2019

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

## RULE 26(C) CERTIFICATE OF COMPLIANCE

I, Andrew M. Schneiderman, hereby certify the undersigned has conferred with Plaintiff's counsel in an effort to resolve the dispute without court action, and Plaintiff declined PRA's request for a stay of discovery.

*/s/ Andrew M. Schneiderman*
Andrew M. Schneiderman

303063107v1 1010870