# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID TRUGLIO, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>-v-<br><br>**LAW OFFICES HOWARD LEE SCHIFF, P.C. and PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br><br>**Defendant.** | Civil Case Number: 3:18-cv-00794-VAB |

**PLAINTIFF'S REQUESTS FOR ADMISSIONS SERVED ON DEFENDANT, PORTFOLIO RECOVERY ASSOCIATES, LLC**

**PLEASE TAKE NOTICE** that Plaintiff, through the undersigned counsel, request that the Defendant, **PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "PRA")**, in accordance with Rule 36 of the Federal Rules of Civil Procedure, answer the following Requests for Admission.

# **DEFINITIONS**

1. The term "CONCERNING" or "CONCERN" means prepared, made, obtained, received, transmitted in connection with, evidencing, referring to, pertaining to, alluding to, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, explaining, evaluating, summarizing, describing, touching upon, constituting, sent to, served upon, mailed, delivered to, or referencing in any way.

2. "ALL" means all or any, and the term "ANY" means any or all.

3. The term "YOU", "YOUR", "PRA" or "DEFENDANT" means Portfolio Recovery Associates, LLC and any of its subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, board of directors or committees thereof, present and former officers, directors, employees, representatives, AGENTS and all other PERSONS acting or purporting to act on its behalf.

4. "PERSON" means a natural person, a group of natural persons acting as individuals, a group of natural persons acting in a collegial capacity (e.g., as a committee (board of directors), a corporation, partnership, proprietorship, joint venture, firm, association, government or government agency and/or any other business, government or social entity, and any employee or agent thereof).

5. "DESCRIBE" means, in the case of an act, event, transaction, relationship, thing or occurrence: A) A detailed description, including identification of dates, places, persons involved, and means employed; B) Identification of YOUR sources of information concerning such act, event, transaction, thing or occurrence, including the date YOU received such information; C) Identification of each person having knowledge of such act, event, transaction, thing or occurrence; and D) Identification of each communication and each DOCUMENT relating to such act, event, transaction, thing or occurrence.

6. The term "DOCUMENT" means any and all tangible things upon which any expression, communication or representation is reflected or has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, magnetic impulse, or mechanical, phonic or electronic recording, computerized data whether on disk, hard drive or otherwise, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that the copies were sent to different individuals than were the originals, or any other reason), including but not limited to abstracts, agreements, analyses, blueprints, books, brochures, circulars, compilations, consultants' reports or studies, contracts, databases, files, graphs, insurance policies, letters, lists, manuals, maps, notebooks, opinions, pamphlets, papers, pictures, plans, projections, press releases or clippings, publications, reports, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, minutes or records of any sort of meeting, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, telephone message slips, desk calendars, appointment books, computer tapes, computer disks, computer printouts, computer cards, electronically stored data, and all other writings and recordings of any kind.

7.  "AGENT" or "REPRESENTATIVE" means someone or some entity with the power or authority to act on YOUR behalf or acts at YOUR request.

8.  "ATTEMPTS" or "ATTEMPTED" as used herein means to make an effort to do or accomplish.

9.  "NET WORTH" means your assets minus your liabilities.

## REQUESTS FOR ADMISSION

1. PRA REGULARLY collects debts owed or due to third parties.

2. PRA REGULARLY purchases debts owed or due to third parties.

3. PRA REGULARLY purchases delinquent debts owed or due to third parties.

4. PRA REGULARLY retains collection agencies to attempt to collect delinquent debts originally owed or due to third parties.

5. The principal business engaged in by PRA is the purchase of delinquent debt.

6. The principal business engaged in by PRA is the collection of debt.

7. PRA purchased the Plaintiff's Synchrony Bank debt, ending in account number 5551.

8. PRA purchased the Plaintiff's debt, after that debt was already in default.

9. PRA retained Howard Lee Schiff, P.C., to collect the Plaintiff's debt after PRA purchased that debt.

10. PRA has purchased at least 100 debts owed to third parties during the year 2017.

11. PRA has purchased at least 100 debts owed to third parties during the year 2018.

12. PRA has attempted collection of at least 100 debts during the year 2017.

13. PRA has attempted collection of at least 100 debts during the year 2018.

14. The NET WORTH of PRA is equal to or greater than $10,000,000.

15. The NET WORTH of PRA is equal to or greater than $5,000,000.

16. The NET WORTH of PRA is equal to or greater than $50,000,000.

17. Admit PRA is a "debt collector" as defined in 15 USC §1692a(6).

18. Admit Howard Lee Schiff, P.C. is a "debt collector" as defined in 15 USC §1692a(6).

19. Admit that Plaintiff is a "consumer" as defined by 15 USC §1692a(3).

20. Admit that the letter annexed to the Complaint as Exhibit A was computer generated.

21. Admit that the letter annexed to the Complaint as Exhibit A is a form letter.

22. Admit that Schiff mailed the letter annexed to the Complaint as Exhibit A to Plaintiff on or about February 21, 2018.

23. Admit that PRA reviews the templates used by Howard Lee Schiff, P.C., before Howard Lee Schiff, P.C. uses that template to mail collection letters to PRA debtors.

24. Admit that PRA approves the templates used by Howard Lee Schiff, P.C., before Howard Lee Schiff, P.C. uses that template to mail collection letters to PRA debtors.

25. Admit that PRA approved the form used in the February 21, 2018 Collection Letter, before that form was used to send the Plaintiff the February 21, 2018 Letter.

26. Admit that PRA reviewed the form used in the February 21, 2018 Collection Letter, before that form was used to send the Plaintiff the February 21, 2018 Letter.

Date:   November 16, 2018

**MARCUS & ZELMAN, LLC**

By: /s/ Yitzchak Zelman_____
Yitzchak Zelman (YZ5857)
ATTORNEYS FOR PLAINTIFF
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Fax:    (732) 298-6256
Email: yzelman@MarcusZelman.com

# LAW OFFICES
# HOWARD LEE SCHIFF, P.C.

CONNECTICUT • MAINE • MASSACHUSETTS • NEW HAMPSHIRE • RHODE ISLAND • VERMONT        HOWARD LEE SCHIFF 1933 - 2007

510 Tolland Street          East Hartford, Connecticut 06108          Office Hours: 8:30 AM – 6:00 PM
Telephone (860) 528-9991    Toll Free: (866) 234-7606                 Facsimile: (860) 528-7602

DAVID TRUGLIO

███████████████████████████                                February 21, 2018

CC541

Our File No: ███████████
Current Owner to Whom Debt is Owed: Portfolio Recovery Associates, LLC
Original Creditor: SYNCHRONY BANK
Original Creditor Account Number: XXXXXXXXXXXX5551
Balance Due: $1,006.19
Consumer: DAVID TRUGLIO

Dear DAVID TRUGLIO:
This office represents PORTFOLIO RECOVERY ASSOCIATES, LLC. We suggest that you send us a check or money order for the balance due, payable to "Law Offices Howard Lee Schiff, P.C." unless you intend to exercise your rights as stated in the Validation Notice below. All questions and payments should be directed to this firm. Our toll-free number is (866) 234-7606. Please reference CN AC7896 in any correspondence with our firm. You may also make payments by phone, (866) 214-9942, or online, www.payschiff.com. When you choose to make a payment with your bank account via the IVR system and you enter your CN when prompted, you are authorizing Law Offices Howard Lee Schiff, P.C. to debit your bank account via ACH in the amount authorized towards payment of the debt owed.

                           VALIDATION NOTICE
If you do not dispute the validity of the debt, or any portion thereof, within 30 days of the receipt of this letter, we will assume it is valid. If you dispute the validity of this debt or any portion thereof, within 30 days of receipt of this letter, we will obtain and mail you verification of the debt or a copy of a judgment against you. At your request, in writing within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

Respectfully, Law Offices Howard Lee Schiff, P.C.
Office Hours: Monday-Friday, 8:30 a.m.-6:00 p.m.

             THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
  THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
                 WILL BE USED FOR THAT PURPOSE.    7a

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **DAVID TRUGLIO, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**LAW OFFICES HOWARD LEE SCHIFF, P.C. and PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br><br>**Defendant.** | Civil Case Number: 3:18-cv-00794-VAB |

**REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant **Portfolio Recovery Associates, LLC** produce within the time prescribed by the Rules of Court, the documents herein described and permit Plaintiff to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection at the office of Plaintiff's Counsel, located at 701 Cookman Avenue, Suite 300, Asbury Park, New Jersey 07712, or at such office of the Defendant's as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that Plaintiff be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiff's will be responsible for these documents so long as they are in his possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after copying has been completed.

This request is intended to cover all documents in possession of the Defendant, or subject to his custody and control, regardless of location.

As used in this request, the term ''document'' means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies,

publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulares, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

As used in this request, the term "relevant time period" is the time period from May 10, 2017 to the present.

## REQUESTS FOR PRODUCTION

Please produce the following:

1. All documents, including any reports, memoranda, internal notes or accounts notes in the Defendant's ownership, custody, possession or control which relate to any conversations, collection attempts or communications and of the Defendants had with the Plaintiff during the relevant time period.

2. A copy of each document Portfolio Recovery Associates, LLC (hereinafter PRA) provided to Howard Lee Schiff, P.C. (hereinafter Schiff) in relation to the Plaintiff's allegedly delinquent debt now owned by PRA.

3. A copy or printout of all electronic information provided by PRA to Schiff in relation to the Plaintiff's allegedly delinquent debt now owned by PRA.

4. A copy of each document which reflects the original creditor to whom the Plaintiff's debt – now allegedly owed to PRA – was incurred.

5. A copy of each document reflecting the (a) name, (b) address, (c) phone number, (d) Schiff's account number, (e) PRA's account number, (f) name of original creditor and (g) the original creditor's account number, for each of the debtors identified in Defendant's Response to Interrogatory 7.

6. All documents reflecting the type of records and electronic information PRA receives from Synchrony Bank, when PRA purchases debts from that entity.

7. All documents reflecting the type of records and electronic information PRA is entitled to receive or request from creditors, when PRA purchases debts from those entities.

8. A copy of the Contract or Agreement between PRA and Schiff, wherein Schiff was retained or otherwise authorized to collect the subject debt from the Plaintiff.

9. A copy of the Contract or Agreement by which PRA purchased the Plaintiff's debt assigned to Schiff for collection.

10. All paper or electronic documents or recordings which reflects any contact or communication PRA or any of the Defendants had with Plaintiff in this matter.

11. Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

12. All exhibits which Defendant proposes to introduce at trial.

13. A copy of the Defendant's tax returns for the years 2015, 2016 and 2017.

14. A copy of the Defendant's financial statements and balance sheets for the years 2016, 2017 and 2018.

15. A complete copy of any insurance policies covering the Defendant for violations of the Fair Debt Collection Practices Act during the time period of May 10, 2017 to the present.

16. A copy of each document in Defendant's ownership, custody, possession or control which reflects the process by which PRA reviews and approves collection letters mailed out on its behalf by entities such as Schiff.

17. A copy of each document in Defendant's ownership, custody, possession or control reflecting the review and approval process for the Collection Letter mailed to the Plaintiff and annexed hereto as Exhibit A.

This Request shall be deemed continuing so as to require further and supplemental production if Plaintiffs obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

Date:   November 16, 2018

**MARCUS & ZELMAN, LLC**

By: /s/ Yitzchak Zelman_____

Yitzchak Zelman (YZ5857)
ATTORNEYS FOR PLAINTIFF
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Fax:    (732) 298-6256
Email: yzelman@MarcusZelman.com

# LAW OFFICES
# HOWARD LEE SCHIFF, P.C.

CONNECTICUT • MAINE • MASSACHUSETTS • NEW HAMPSHIRE • RHODE ISLAND • VERMONT     HOWARD LEE SCHIFF 1933 - 2007

| | | |
|---|---|---|
| 510 Tolland Street | East Hartford, Connecticut 06108 | Office Hours: 8:30 AM – 6:00 PM |
| Telephone (860) 528-9991 | Toll Free: (866) 234-7606 | Facsimile: (860) 528-7602 |

DAVID TRUGLIO

February 21, 2018



CC541

Our File No: ▮▮▮▮▮▮▮▮▮
Current Owner to Whom Debt is Owed: Portfolio Recovery Associates, LLC
Original Creditor: SYNCHRONY BANK
Original Creditor Account Number: XXXXXXXXXXXX5551
Balance Due: $1,006.19
Consumer: DAVID TRUGLIO

Dear DAVID TRUGLIO:
This office represents PORTFOLIO RECOVERY ASSOCIATES, LLC. We suggest that you send us a check or money order for the balance due, payable to "Law Offices Howard Lee Schiff, P.C." unless you intend to exercise your rights as stated in the Validation Notice below. All questions and payments should be directed to this firm. Our toll-free number is (866) 234-7606. Please reference CN AC7896 in any correspondence with our firm. You may also make payments by phone, (866) 214-9942, or online, www.payschiff.com. When you choose to make a payment with your bank account via the IVR system and you enter your CN when prompted, you are authorizing Law Offices Howard Lee Schiff, P.C. to debit your bank account via ACH in the amount authorized towards payment of the debt owed.

VALIDATION NOTICE
If you do not dispute the validity of the debt, or any portion thereof, within 30 days of the receipt of this letter, we will assume it is valid. If you dispute the validity of this debt or any portion thereof, within 30 days of receipt of this letter, we will obtain and mail you verification of the debt or a copy of a judgment against you. At your request, in writing within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

Respectfully, Law Offices Howard Lee Schiff, P.C.
Office Hours: Monday-Friday, 8:30 a.m.-6:00 p.m.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.    7a

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **DAVID TRUGLIO, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**LAW OFFICES HOWARD LEE SCHIFF, P.C. and PORTFOLIO RECOVERY ASSOCIATES, LLC,**<br><br>**Defendant.** | **Civil Case Number: 3:18-cv-00794-VAB** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, by and through the undersigned counsel, propound the following Interrogatories to Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA"), to be answered within the time provided by the FRCP and Local Rules of this Court.

**INSTRUCTIONS**

1. You must answer each interrogatory separately and fully in writing and under oath, unless it is objected to, in which event the reason for the objection must be stated in place of the answer.

2. If you object to an interrogatory or request, in whole or in part, but provide an answer without making any waiver of your objection, please so specify that your answer is without any waiver of the objection, and the objection so raised, as well as either (a) all responsive information and documents requested, with said response being so specified, or (b) withholding the information or documents, and specifying that information is being withheld. If you are withholding documents, please identify them, providing enough information to identify the withheld documents or items for this party and the Court to determine whether the documents or items should be withheld.

3. Where knowledge or information of a defendant is requested, this request includes knowledge available to or possessed by the agents, representatives, and attorney of said Defendant, unless privileged.

4. Where the name of a person is requested, indicate the full name, home address, business address, e-mail address, and all available telephone numbers of the person.

5. Each interrogatory and each subpart of each interrogatory must be given a separate response. Interrogatories or subparts thereof may not be combined even when the response given to the interrogatories and/or their subparts are identical, or substantially similar. The answer to any interrogatory or subpart thereof may not be supplied by reference to a response to any other interrogatory or subpart thereof, unless the interrogatory or subpart thereof so referred to supplies a complete and accurate response to the individual interrogatory or subpart thereof which is being responded to initially.

6. If you are unable to provide an accurate answer to an interrogatory, or are uncertain regarding a response to any item, please provide your best estimate of the information requested, specifying that the answer is merely an estimate, and that an accurate response cannot be given by you to the item.

7. As stated initially in this document, these interrogatories will be deemed to be continuing in nature in order to allow supplemental answers so that your responses to each item remain accurate and complete if you or counsel representing you should obtain any further or different information between the time the answers to these items are made and the time of any trial on the merits.

8. Any objections to the interrogatories asked of you must be signed by the attorney or the unrepresented party making them, with the status of the person making said objection as represented or as an attorney, or a *pro se* person, so specified.

Definitions and Guidelines

For purposes of these interrogatories, the following definitions and guiding principles should be used, and will be deemed to apply for purposes of interpreting both topics of inquiry and responses thereto:

1. The term "person", unless otherwise specified", includes the plural as well as the singular, and includes in its meaning any natural person, or artificial or legal entity, including corporations, partnerships, joint ventures, associations, governmental agencies, groups, organizations, and any and every other form of entity cognizable at law.

2. The term "document" means and includes all written and graphic matter of every kind and description, whether printed or produced by any process or by hand, whether final draft or reproduction, whether in the actual or constructive possession, custody or control of the respondent to a given interrogatory, including any and all written letters, correspondence, memoranda, notes, statements, transcripts, files, charters, articles of incorporation, securities, bonds, stocks, certificates of deposit, evidences of debt, contracts, agreements, licenses, memoranda or notes of telephone or personal conversations, work papers, tapes, charts, reports, books, ledgers, telegrams, sound recordings, books of account, customer account statements, financial statements, catalogs, checks, check stubs, and written statements of witnesses or other

persons having knowledge pertaining to the pertinent facts requested or relating to the interrogatory or subpart thereof, whether or not these documents are claimed to be privileged against discovery on any ground.

3.  "You" or "your" means the person or entity to which the request or subpoena is directed, as well as his, her, or its agents, representatives, attorneys, experts, insurers, executors, administrators, or anyone acting on behalf of the person or entity, including any and all persons acting in the above-described capacity on behalf or purportedly on behalf of the person or entity to which the request or subpoena is directed.

4.  The term "identify" means, when used with reference to an individual person, organization, corporation or association, to state the full name, home and work addresses, e-mail address, home and business telephone numbers, present or last known position and business affiliation and position both in the past and at the time said interrogatory or subpart thereof is being responded to. The term "identify" further means, when used with reference to a document, to state the date it was created, its author, the signatory, if different, the addressee, the recipient of all copies, the type of document (e.g. chart, memorandum, letter, or other written document) and its present or last known custodian.

5.  "Describe" means that the person or entity to whom the interrogatory or subpart thereof is directed should state what is requested to be described, including all facts and opinions known and held regarding, relating to, or pertinent to what is requested to be described, and (i) the identity of each person or entity involved or having any knowledge of each fact or opinion that relates to what is so described, (ii) the identity of each document evidencing the answer or response given or relating, referring or pertaining to said subject-matter in any way, and (iii) all relevant or material dates and time periods, specifying the way in which said dates or time periods are pertinent to the subject-matter described.

6.  "Net Worth" means the total of all of your assets (stocks, bonds, bank accounts, real estate, property, business receivables, notes receivable, etc.) minus the total of your liabilities (outstanding loans owed, credit card balances, taxes payable, bills payable, etc.).

## INTERROGATORIES

1. State on which date Howard Lee Schiff, P.C. (hereinafter "Schiff") was assigned the collection of Plaintiff's allegedly delinquent account owned by PRA.

2. Identify the date and nature of all documents and information PRA provided to Schiff when it assigned the collection of the Plaintiff's allegedly delinquent account to Schiff.

3. State the date that PRA purchased the Plaintiff's debt, and identify if the Plaintiff's debt was in default on that date.

4. Identify the name of the creditor from whom PRA purchased or was otherwise assigned Plaintiff's debt.

5. Identify and describe the records and information Defendant received from Synchrony Bank when it purchased the Plaintiff's alleged debt being collected by the Schiff letter attached hereto as Exhibit A.

6. State the net worth of PRA, and describe how the answer to this Interrogatory was reached.

7. State the (a) name, (b) address, (c) phone number, (d) Schiff's account number, (e) PRA's account number, (f) name of original creditor and (g) the original creditor's account number, for each debtor that was placed by PRA with Schiff for collection, during the time period of May 10, 2017 (include those debtors who were assigned to Schiff for collection before May 10, 2017, if their accounts were still with Schiff on or after May 10, 2017).

8. State the name and address of Defendant's liability insurer for the last three years and the dates of coverage, type, and policy of each liability insurance policy.

9. State whether the Defendant has any records documenting any contact or communication with the Plaintiff in this matter.

    a. If so, set forth the date, result and content of that contact or communication.

10. Describe the relationship between PRA and Schiff, including who creates, designs, approves and reviews collection letters mailed by Schiff on behalf of PRA.

11. Identify each document, record, recording and person furnishing information with regard to your response to these preceding Interrogatories.

Date:   November 16, 2018

**MARCUS & ZELMAN, LLC**

By: /s/ Yitzchak Zelman
Yitzchak Zelman (YZ5857)
ATTORNEYS FOR PLAINTIFF
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Fax:    (732) 298-6256
Email: yzelman@MarcusZelman.com

# LAW OFFICES
# HOWARD LEE SCHIFF, P.C.

CONNECTICUT • MAINE • MASSACHUSETTS • NEW HAMPSHIRE • RHODE ISLAND • VERMONT    HOWARD LEE SCHIFF 1933 - 2007

510 Tolland Street          East Hartford, Connecticut 06108          Office Hours: 8:30 AM – 6:00 PM
Telephone (860) 528-9991    Toll Free: (866) 234-7606                 Facsimile: (860) 528-7602

DAVID TRUGLIO

February 21, 2018

CC541

Our File No: ███████
Current Owner to Whom Debt is Owed: Portfolio Recovery Associates, LLC
Original Creditor: SYNCHRONY BANK
Original Creditor Account Number: XXXXXXXXXXXX5551
Balance Due: $1,006.19
Consumer: DAVID TRUGLIO

Dear DAVID TRUGLIO:
This office represents PORTFOLIO RECOVERY ASSOCIATES, LLC. We suggest that you send us a check or money order for the balance due, payable to "Law Offices Howard Lee Schiff, P.C." unless you intend to exercise your rights as stated in the Validation Notice below. All questions and payments should be directed to this firm. Our toll-free number is (866) 234-7606. Please reference CN AC7896 in any correspondence with our firm. You may also make payments by phone, (866) 214-9942, or online, www.payschiff.com. When you choose to make a payment with your bank account via the IVR system and you enter your CN when prompted, you are authorizing Law Offices Howard Lee Schiff, P.C. to debit your bank account via ACH in the amount authorized towards payment of the debt owed.

VALIDATION NOTICE

If you do not dispute the validity of the debt, or any portion thereof, within 30 days of the receipt of this letter, we will assume it is valid. If you dispute the validity of this debt or any portion thereof, within 30 days of receipt of this letter, we will obtain and mail you verification of the debt or a copy of a judgment against you. At your request, in writing within 30 days of receipt of this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

Respectfully, Law Offices Howard Lee Schiff, P.C.
Office Hours: Monday-Friday, 8:30 a.m.-6:00 p.m.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  7a